# EXHIBIT B

**Blackline of Revised Proposed Order against Original Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| **REDE ENERGIA S.A.,** [1] | ) Case No. 14-~~————~~ (—10078 |
| | (SCC) |
| **Debtor in a Foreign Proceeding.** | ) |

### ORDER GRANTING CERTAIN RELIEF RELATED TO RECOGNITION OF FOREIGN MAIN PROCEEDING ~~AND CERTAIN RELATED RELIEF~~

Upon the Motion dated January 16, 2014 [ECF No. 2][2] ~~of the Petitioner,~~ José Carlos Santos (the "Petitioner" or the "Foreign Representative"), in his capacity as the authorized ~~foreign representative~~Foreign Representative for Rede Energia S.A. ("Rede" or the "Debtor"), for entry of an Order (this "Order") after notice and a hearing, (a~~) granting the Verified Petition Form and recognizing the Brazilian Bankruptcy Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (b) recognizing the Petitioner as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, in respect of the Brazilian Bankruptcy Proceeding, (c~~) giving full force and effect in the United States to the Brazilian Confirmation Order and the Brazilian Reorganization Plan, which was approved by the Brazilian Confirmation Order, (~~d~~b)

---

[1] The last four digits of the Debtor's Brazilian Corporate Taxpayer Registration Number are 01-49. The Debtor's executive headquarters is located at Avenida Paulista, 2439, 5th Floor, Cerqueira Cesar, City of São Paulo, State of São Paulo, Brazil. The Debtor was formerly known as Caiuá Serviços de Eletricidade S.A. and then Rede Empresas de Energia Elétrica S.A .

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the ~~Petitioner Declaration~~Stipulation of Facts dated May 2, 2014, as agreed by the Ad Hoc Group of Rede Noteholders (the "Ad Hoc Group") and the Foreign Representative [ECF No. 26] (the "Stipulation of Facts").

NEWYORK 9137610

permanently enjoining all parties from commencing or taking any action in the United States to obtain possession of, exercise control over, or assert claims against the Debtor or its property, (~~e~~c) authorizing and directing the DTC and the Indenture Trustee to take any and all actions necessary to give effect to the terms of the Brazilian Reorganization Plan and (~~f~~d) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, <u>In re Standing Order of Reference Re: Title 11</u>, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.) (the "Amended Standing Order"); and this Court having reviewed the Motion, the ~~Verified Petition Form, the Petitioner Declaration, the Brazilian Counsel Declaration,~~ <u>Stipulation of Facts, the Stipulation of Brazilian Law dated May 2, 2014, as agreed by the Ad Hoc Group and the Foreign Representative [ECF No. 27] (the "Stipulation of Brazilian Law"), the Objection of the Ad Hoc Group [ECF No. 16], the Foreign Representative's reply to the Objection dated May 2, 2014 [ECF No. 29] (the "Reply")</u> and the statements of counsel with respect to the Motion at a hearing before this Court <u>on May 9, 2014</u> (the "Hearing"); and appropriate and timely notice of the filing of the Motion and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Motion<u>~~, the Verified Petition Form, the Petitioner Declaration, the Brazilian Counsel Declaration~~ and the Reply, the Stipulation of Facts, the Stipulation of Brazilian Law</u>, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein, and after due deliberation therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

  A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

  B.  This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

  C.  ~~The~~<ins>Pursuant to an order of this Court dated March 6, 2014, the</ins> Petitioner ~~is the~~<ins>was</ins> duly appointed "foreign representative" of the Debtor within the meaning of section 101(24) of the Bankruptcy Code<ins>, and the Brazilian Bankruptcy Proceeding was recognized as a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code</ins>.

  ~~D.  This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.~~

  ~~E.  The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).~~

  ~~F.  The Brazilian Bankruptcy Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.~~

~~G.  The Brazilian Bankruptcy Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.~~

~~H.  The State of São Paulo in the Federative Republic of Brazil is the Debtor's center of main interests, and accordingly, the Brazilian Bankruptcy Proceeding is a "foreign main proceeding" as defined in~~ section 1502(4) of the Bankruptcy Code, ~~and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.~~

<u>D.</u>    ~~I.~~ The ~~Petitioner~~<u>Foreign Representative</u> and the Debtor, as applicable, are ~~further~~ entitled to the additional assistance and discretionary relief requested in the Motion pursuant to sections ~~1507 and~~ 1521(a) <u>and, to the extent applicable, 1507(a)</u> of the Bankruptcy Code.

<u>E.</u>    ~~J.~~ Absent permanent injunctive relief, the Brazilian Bankruptcy Proceeding and the Debtor's efforts to consummate the Brazilian Reorganization Plan ~~may~~<u>could</u> be thwarted by the actions of certain creditors, a result ~~inimical to~~<u>that would be inconsistent with</u> the purposes of chapter 15 of the Bankruptcy Code as set forth, *inter alia,* in section 1501(a) of the Bankruptcy Code.  Such actions could threaten, frustrate, delay, and ultimately jeopardize the Brazilian Bankruptcy Proceeding and implementation of the Brazilian Reorganization Plan, and, as a result, the Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

<u>F.</u>    ~~K.~~ Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Brazilian Bankruptcy Proceeding and Brazilian Reorganization Plan, (iii) is an integral element of the Brazilian Bankruptcy Proceeding and Brazilian Reorganization Plan and/or to their effectuation, (iv) confers material benefits on, and is in the best interests of the Debtor and its creditors, including without

NEWYORK 9137610

limitation the Noteholders and (v) is important to the overall objectives of the Debtor's restructuring.

   G. ~~L.~~ The relief sought by the Motion will not cause undue hardship or inconvenience to any party in interest and, to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Petitioner, the Debtor, its estate and all of its creditors.

   H. ~~M.~~ The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtor and the interests of its creditors and other parties in interest.

   I. ~~N.~~ Appropriate notice of the filing of, and the Hearing on, the Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

   J. ~~O.~~ The relief granted hereby is necessary and appropriate in the interests of the public and international comity; it is consistent with the public policy of the United States; it is warranted pursuant to sections 105(a), 1507(a), ~~1509(b), 1520,~~ and 1521(a) and 1525 of the Bankruptcy Code; and it will not cause to the Debtor's creditors or other parties in interest any hardship that is not outweighed by the benefits of granting the relief requested herein.

   K. For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Hearing, and after due deliberation and sufficient cause appearing therefor, it is hereby

   **ORDERED, ADJUDGED, AND DECREED THAT:**

   1. The ~~Verified Petition Form and the~~ Motion ~~are~~ is granted.

NEWYORK 9137610

~~2.     The Brazilian Bankruptcy Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.~~

~~3.     The Petitioner is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtor in this chapter 15 case.~~

2.     ~~4.~~ The Brazilian Confirmation Order and the Brazilian Reorganization Plan, including any amendments or modifications thereto, and subject to all limitations and conditions precedent set forth therein, are hereby recognized, granted comity, and given full force and effect to the same extent that they are given effect in the Federative Republic of Brazil, and each is binding on all creditors of the Debtor, including all Noteholders, as well as the DTC and the Indenture Trustee, and any of their successors or assigns.

~~5.     All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Brazilian Bankruptcy Proceeding, the Debtor, and the Petitioner, as applicable.~~

3.     ~~6.~~ All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Petitioner and his expressly authorized representatives and agents, are hereby enjoined from:

  a.     execution against any of the Debtor's assets;

  b.     the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, which in either case in any way relates to, or would interfere with, the administration of the Debtor's estate in the Brazilian Bankruptcy Proceeding or the solicitation, implementation, or consummation of the transactions contemplated by the Brazilian Reorganization Plan, including without limitation any and all unpaid judgments,

NEWYORK 9137610

      settlements, notes, or otherwise against the Debtor in the United States;

c.    taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtor or any of its property;

d.    transferring, relinquishing, or disposing of any property of the Debtor to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Petitioner; or

e.    commencing or continuing an individual action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to sections 1520(a) and 362 of the Bankruptcy Code;

<u>provided</u>, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

<u>4.</u>    <s>7.</s> All entities are permanently enjoined from taking any action within the territorial jurisdiction of the United States that is in contravention of or that is inconsistent with the Brazilian Reorganization Plan.

<u>5.</u>    <s>8.</s> With respect to claims based upon, concerning or relating in any way to the Perpetual Notes or the solicitation and/or implementation of the Brazilian Reorganization Plan, all persons and entities are enjoined and restrained from taking any action within the territorial jurisdiction of the United States (including, without limitation, commencing or continuing any action or legal proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), <s>including</s><u>whether directly or</u> by way of counterclaim (and from seeking discovery of any nature related thereto)) that would interfere with or impede the administration, implementation and/or consummation of the Brazilian Reorganization Plan and/or the terms of this Order against

the Debtor, the Petitioner, Energisa, the Indenture Trustee, or the DTC, and any of their successors or assigns.

6. 9. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as enjoining (a) the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or ~~staying~~ the exercise of any rights ~~that~~to the extent not stayed pursuant to section 362(o) of the Bankruptcy Code ~~does not allow to be stayed~~.

10. ~~The Petitioner is hereby authorized to apply to this Court to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Debtor, as and to the extent that such information is required~~, (b) any action permitted or contemplated by (i) the Brazilian Reorganization Plan or (ii) any agreement entered into in connection with the Brazilian ~~Bankruptcy Proceeding~~Reorganization Plan, or (c) solely to the extent that the Brazilian Reorganization Plan is no longer effective under Brazilian law for any reason, any action that is not prohibited by the Brazilian Court with jurisdiction over the Brazilian Reorganization Plan or Brazilian law.

7. 11. The DTC and the Indenture Trustee are hereby authorized and directed to take any lawful actions that may be necessary to consummate the transactions contemplated by the Brazilian Reorganization Plan~~,~~ (including (a) the assignment of the Perpetual Notes to Energisa, and (b) the execution by the Indenture Trustee of a supplemental indenture governing the Perpetual Notes among the Indenture Trustee, the Debtor, and Energisa, which shall, among other things, relieve the Indenture Trustee from any further obligations under the Indenture, except as otherwise provided in such

supplemental indenture), and Energisa shall reimburse the DTC and the Indenture Trustee for all reasonable fees, costs and expenses incurred in taking such actions.

8. Nothing in this Order shall affect the rights of the Indenture Trustee to collect its fees and expenses from the Noteholders or its lien on any payments made with respect to the Perpetual Notes; it being acknowledged that the Indenture Trustee intends to exercise its rights under the Indenture to apply payments received under the Brazilian Reorganization Plan to first pay the fees and expenses of its counsel and any other professionals retained by it.

9. ~~12.~~ The ~~Petitioner, the Debtor, and/or each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.~~ DTC and the Indenture Trustee shall be exculpated and released from any liability for any action or inaction taken in furtherance of this Order, except for any liability arising from any action or inaction constituting willful misconduct or gross negligence as finally determined by the Court.

10. ~~13.~~ Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioner is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioner is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

11. ~~14.~~ A copy of this Order, confirmed to be true and correct, shall be served, within seven business days of entry of this Order, by facsimile, electronic mail, or

NEWYORK 9137610

overnight express delivery, upon all persons or bodies authorized to administer foreign proceedings of the Debtor (if any), any parties to litigation pending in the United States in which the Debtor was a party at the time of the filing of the Verified Petition Form (if any), the Indenture Trustee, the Ad Hoc Group, the Office of the United States Trustee for the Southern District of New York, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for all purposes.

12.    15. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order and any requests for additional relief or any adversary proceeding brought in and through this case.

Dated:    New York, New York
          _____, 2014

                                        _____
                                        SHELLEY C. CHAPMAN
                                        UNITED STATES BANKRUPTCY JUDGE

NEWYORK 9137610